## STEWARD v. SEARS.

The plaintiff sued in the justice's court on a promissory note. The cause was tried on the return day of the summons. No statement of demand was filed, but the defendant, in his offset, gave the plaintiff credit for the note, and it was received in evidence without objection. The defendant having appealed to the Court of Common Pleas, and the appeal having been tried in his absence—

*Held*, that the judgment of the pleas would not be reversed on the

ground that no demand had been filed, and that no motion having been made before the justice, or in the Court of Common Pleas for a non-suit, for that reason the objection was waived.

On *certiorari* to Mercer pleas.

Argued at November Term, 1872, before Justices WOOD-HULL, DEPUE and VAN SYCKEL.

For plaintiff in *certiorari*, *F. Kingman*.

For defendant, *E. W. Evans*.

The opinion of the court was delivered by

DEPUE, J. This cause was tried in the court for the trial of small causes, before a jury in the presence of the parties. After hearing witnesses, a verdict was found for the plaintiff, and judgment given accordingly, from which an appeal was taken by the defendant to the Court of Common Pleas. In the Court of Common Pleas, the cause was tried in the absence of the defendant, and resulted in a judgment for the plaintiff. To review these proceedings, a writ of *certiorari* was sued out, directed to the Court of Common Pleas.

The only reason which was relied on for reversal, is that no statement of demand was filed by the plaintiff.

The action was brought on a promissory note. The justice, in the transcript sent up with the appeal, certified that the plaintiff filed a statement of demand, and the defendant his offset on the return day of the summons. In answer to a rule taken in this court, the justice has certified that in fact no statement of demand was filed, and that the entry in his docket and statement in his transcript, that a demand was filed, are incorrect, and were inadvertently made.

The cause was tried on the return day of the summons, and the note sued on was then before the justice, and was offered in evidence without objection. The defendant, in his offset, gave the plaintiff credit for a note which is admitted to be the same note sued on. No objection was taken before the justice for the want of a statement of demand.

nor was any application made to the Court of Common Pleas for a non-suit on that ground.

It is manifest that the parties regarded the note, which was before the justice, as a statement of demand. No controversy was made as to the amount of the note, or the liability of the defendant upon it. Both these matters were expressly admitted in the set-off which was filed.

The omission to file a formal statement of demand, if the objection had been made before the justice, could have been supplied on the spot. The defendant, on the trial of the cause on appeal, if he had attended, might have applied for a non-suit on that ground. If he had done so, the Court of Common Pleas had power to permit an amendment, by filing a statement of demand. *Nix. Dig.* 475, § 105.* At either of these stages in the progress of the cause, opportunity might have been had to raise the objection. If it had been made on either occasion, the defect could readily have been remedied, and the cause proceeded with regularity to a trial on the merits. We are asked, under these circumstances, to reverse on a mere formal objection, which in no wise touches the merits of the case.

It has been held that going to trial under an agreement, that the note sued on should be considered as a statement of demand, concluded the defendant from objecting afterwards on *certiorari*, that no demand was filed. *Layton* v. *Davis*, 1 *Penn.* 405 o; (*Harr. ed., p.* 309.) So also where the objection is such as that the party may have relief on the appeal, neglect to seek such relief on the trial of the appeal will conclude him from making it a ground of reversal on *certiorari*. *Gould* v. *Brown*, 4 *Halst.* 163. Other instances of waiver implied from acquiescence by proceeding with the trial of the cause without making objections, which, if made, would be fatal, are to be found in the cases. *Cook* v. *Hendrickson*, 1 *Penn.* 343; *Martin* v. *Steele*, 2 *Ib.* 718; *Dallas* v. *Hendry, Ib.* 973; *Foulkes* v. *Young*, 1 *Zab.* 438; *Coyle* v. *Coyle*, 2 *Dutcher* 132.

The principle may be said to be general, that objections to

* *Rev., p.* 559, ¿ 112.

the form of proceedings which do not question the jurisdiction of the court, or the plaintiff's right to recover, must be made at the trial. If not taken then, they are considered to have been waived. *Jacques* v. *Hulit*, 1 *Harr.* 38.

The cases cited were all decided before the passage of the statute permitting amendments to be made by justices of the peace, and by the Court of Common Pleas on the trial of appeals. They show the principle by which the courts were governed, independently of that statute. By that statute a convenient and ample mode of remedying formal defects in the pleadings in justice's courts is provided, which was designed to relieve parties from a miscarriage of justice on account of defects of that character. In such cases the court ought not to reverse on *certiorari*, where the defendant appears to the action, and proceeds to trial without making objection, at a time when by so doing, the defect might be remedied by amendment, especially when, as in this case, the demand of the plaintiff is expressly admitted in the set-off filed.

The judgment is affirmed.

CITED in *McQuarie* v. *Emmons*, 9 *Vr.* 397; *Burk* v. *Shreve*, 10 *Vr.* 214 *Butts* v. *French*, 13 *Vr.* 397; *Cole & Taylor* v. *Oliver*, 15 *Vr.* 212.